UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CARLOS ECHEVERY MOLINA,

                     Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, RIKERS ISLAND CORRECTIONAL INSTITUTION, THE METROPOLITAN DETENTION CENTER, QUEENS PRIVATE DETENTION FACILITY, and THE U.S. BUREAU OF PRISONS,

                     CASE#: CV_____

                     Defendant(s).
-----------------------------------------------------------------x

**VERIFIED COMPLAINT**

**JURY TRIAL DEMAND**

**SUMMONS ISSUED**

CV11-4097

KORMAN, J.

LEVY M.J.

IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ AUG 24 2011 ★
BROOKLYN OFFICE

Plaintiff, **CARLOS ECHEVERY MOLINA**, by his attorneys, **ISMAEL GONZALEZ & ASSOCIATES, LLC**, as and for his complaint against the defendants, respectfully sets forth as follows:

### JURISDICTION

FIRST:   This action is brought pursuant to 42 U.S.C. Section 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and Article 1 sections 6, 11, and 12 of the New York Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341(3) and (4), and the aforementioned statutory

and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to hear and decide claims arising under New York State Law.

## PARTIES

SECOND: Plaintiff is at all times hereinafter relevant a resident of Kings County and the State of New York.

THIRD: The defendants THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS are municipal corporations, duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business in the county and City of New York and that THE NEW YORK CITY DEPARTMENT OF CORRECTIONS is an agency and or branch of the defendant THE CITY OF NEW YORK and that THE CITY OF NEW YORK is responsible, as a matter of law, for the ownership, operation, management and control of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and all of its officers, agents, licensees and employees and all acts thereof.

FOURTH: THE NEW YORK CITY DEPARTMENT OF CORRECTIONS is an agency and or branch of the defendant THE CITY OF NEW YORK and that THE CITY OF NEW YORK is responsible, as a matter of law, for the ownership, operation, management and control of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and all of its officers, agents, licensees and employees and all acts thereof.

FIFTH: The defendant RIKERS ISLAND CORRECTIONAL INSTITUTION CITY is correctional facility owned, operated and maintained by the defendant, THE

CITY OF NEW YORK, duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business in the County of Queens, State of New York.

SIXTH: The defendant RIKERS ISLAND CORRECTIONAL INSTITUTION CITY is correctional facility owned, operated and maintained by the defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business in the County of Queens, State of New York.

SEVENTH: The defendant U.S. BUREAU OF PRISONS is a federal law enforcement agency subdivision of the United States Department of Justice responsible for the administration of the federal prison system.

EIGHTH: The defendant, THE METROPOLITAN DETENTION CENTER, is a correctional facility owned, operated and maintained by the defendant, U.S. BUREAU OF PRISONS, duly organized and existing under and by virtue of the federal laws, having its principal place of business in the State of New York.

NINTH: The defendant, QUEENS PRIVATE DETENTION FACILITY, is a correctional facility owned, operated and maintained by the defendant, U.S. BUREAU OF PRISONS, duly organized and existing under and by virtue of the federal laws, having its principal place of business in the County of Queens, State of New York.

## INTRODUCTION

TENTH: This action is commenced by the plaintiff for pecuniary and punitive damages against defendants for committing unlawful acts under color of law and for

depriving the plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York, and pendant State law claims.

ELEVENTH: Plaintiff alleges that defendants were negligent in their care of the plaintiff, CARLOS ECHEVERY MOLINA, while he was incarcerated and under their care, in allowing him to sustain personal injuries while under their supervision and in failing to provide proper medical attention and care for these injuries, all in violation of the plaintiff's civil rights and plaintiff's rights under 42 U.S.C. Section 1983, and the common law and State and City law code, rules, and/or regulations. Plaintiff seeks compensation, *inter alia*, for the unconstitutional and tortuous conduct of these defendants.

TWELFTH: The plaintiff seeks redress against the defendants for customs, policies and practices that permitted, condoned, and contributed to the plaintiff's injuries. The defendants acted with deliberate indifference to the constitutional rights of the plaintiff. The plaintiff alleges that defendants were negligent in the training, hiring, and supervising of their employees thus leading to the negligent and improper acts complained of herein. Further, said occurrence was occasioned by the carelessness, recklessness, and negligence of the defendants and their agents, servants, licensees and/or employees, governing the operation, maintenance, management, and control of these correctional facilities.

THIRTEENTH: The emotional distress and mental trauma inflicted upon the plaintiff are the result of the defendants' unconstitutional conduct and indifference. The policies, customs, and practices of defendants were negligent in that the defendants

tolerated and condoned violations of citizens' constitutional rights by refusing to properly train correctional officers and personnel for situations they will encounter, failing to properly maintain their correctional facilities and failing to punish instances of wrongdoing so as to act as a deterrent. The imposition of punitive damages against all defendants and other appropriate equitable relief will deter defendants in the future.

FOURTEENTH: Prior to the filing of the within Complaint, the plaintiff filed and served a Notice of Claim on the defendants in compliance with the New York State Municipal Law Section 50, et. seq.

FIFTEENTH: More than thirty (30) days have elapsed and defendants have failed and refused to pay or adjust the claim. The plaintiff has complied with all conditions precedent, or that such conditions precedent that may be outstanding have been waived, or reserved.

## FACTUAL ALLEGATIONS

SIXTEENTH: On or about May 17, 2010, between the hours of 5:20 p.m. and 6:00 p.m., on the premises of the Metropolitan Detention Center, U.S. Bureau of Prisons, 80 29th Street, Brooklyn, NY 11232, in the Mess Hall where the daily institutional feeding is held, the plaintiff CARLOS ECHEVERY MOLINA, was caused to slip and fall to the ground when he slipped on liquid mashed potatoes and food droppings on the ground. The floor in the Mess Hall had not been cleaned prior to the feeding commencing and the floor was covered throughout with bits of food and liquid and in particular said liquid mashed potatoes. As a direct result of the negligence of the defendants, the plaintiff was caused to sustain serious personal injuries.

SEVENTEENTH: Due to the above fall, the plaintiff sustained injury to his right ankle, spine, head, and middle finger. He was informed that his left ankle was fractured. Plaintiff's injuries to his spine, skull and finger were neglected and he received no treatment for them in the Metropolitan Detention Center.

EIGTEENTH: An examining doctor at the Metropolitan Detention Center prescribed an air-cast with a pump for the injury to his right ankle. This air-cast needed to be adjusted on a daily basis but a federal institutional officer confiscated the pump from the plaintiff thereby making the air-cast useless and ineffective.

NINETEENTH: The plaintiff, CARLOS ECHEVERY MOLINA, has been caused pain, suffering, neglect, indifference, insult and injury by the defendants. He was denied access to the appropriate medical treatment, denied the tests necessary to properly an fully evaluate his medical condition. He complained concerning a growth in his groin area which was ignored by the defendants which turned out to be a thickening of the hip joint capsule. He was also denied the medication to reduce pain and his requests for all the above were denied. He was denied the use of certain facilities like a wheelchair or elevator despite requesting same and was forced to walk distances on his fractured right ankle when he should clearly have not been ambulating.

TWENTIETH: The plaintiff, CARLOS ECHEVERY MOLINA, was caused to fall down a flight of steps at Rikers Island, New York City Department of Corrections in east Elmhurst, New York when he was walking with the support of crutches exacerbating his already existing injuries due to the negligence of the above defendants.

TWENTY-FIRST: The plaintiff's multiple and continued pleas to the defendants for medical attention which when completely ignored by them.

TWENTY-SECOND: The plaintiff's injuries were directly caused as a request on the negligence of the defendants.

TWENTY-THIRD: Plaintiff sustained a loss of well-being, physical injuries, infliction of emotional distress, and emotional trauma. Plaintiff seeks to recover money damages for these actions.

TWENTY-FOURTH: The conduct of defendants demonstrated a deliberate indifference to the plaintiff's civil rights and due process, in violation of his civil rights.

## AS AND FOR A FIRST CLAIM
### 42 U.S.C. SECTION 1983
### FAILURE TO PROTECT WHILE IN CUSTODY

TWENTY-FIFTH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "24" of this Complaint, with the same force and effect as if fully set forth herein.

TWENTY-SIXTH: On or about May 17, 2010, on the premises of the Metropolitan Detention Center, U.S. Bureau of Prisons, 80 29th Street, Brooklyn, NY 11232, in the Mess Hall where the daily institutional feeding is held, the plaintiff CARLOS ECHEVERY MOLINA, was caused to slip and fall to the ground when he slipped on liquid mashed potatoes and food droppings on the ground. As a direct result of the negligence of the defendants, the plaintiff was caused to sustain serious personal

injuries. All of this was in violation of plaintiff's rights afforded him by the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. Section 1983, Article 1, Section 6, 11, and 12 of the New York State Constitution, the common law of New York State, and plaintiff's rights, privileges, and immunities secured to him by the laws of the State of New York.

TWENTY-SEVENTH: The plaintiff, CARLOS ECHEVERY MOLINA, was caused to fall down a flight of steps at Rikers Island, New York City Department of Corrections in east Elmhurst, New York when he was walking with the support of crutches exacerbating his already existing injuries due to the negligence of the above defendants.

TWENTY-EIGHT: By reason of the foregoing, the plaintiff has been injured, which injuries are continuing, and has otherwise been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CLAIM
## 42 U.S.C. SECTION 1983
## FAILURE TO INTERCEDE

TWENTY-NINTH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "29" of this Complaint, with the same force and effect as if fully set forth herein.

THIRTY: By their conduct and under color of law, defendants had the opportunity to intercede on behalf of the plaintiff to prevent and alleviate plaintiff's injuries. However, due to defendants' intentional conduct and/or deliberate indifference,

the defendants declined or refused to do so. Defendants' actions contributed to the deprivation of the plaintiff's rights.

THIRTY-THIRD: By reason of the above, the plaintiff has suffered grave physical injuries and mental anguish. The plaintiff has been caused to incur psychological trauma and infliction of emotional distress. The plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CLAIM
### 42 U.S.C. SECTION 1983
### SUPERVISORY LIABILITY

THIRTY-FOURTH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "33" of this Complaint, with the same force and effect as if fully set forth herein.

THIRTY-FIFTH: On May 17, 2010 and thereafter, the defendants, THE CITY OF NEW YORK and THE U.S. BUREAU OF PRISONS, at all times relevant herein, had supervisory personnel at the correctional institutions were plaintiff's injuries occurred. These defendants had oversight responsibility for the facilities and were responsible for the training, instruction, supervision, and discipline of the officers who were responsible for and guarded the plaintiff.

THIRTY-SIXTH: These defendants knew, or in the exercise of due diligence should have known, that the conduct of its correctional officers regarding the plaintiff was unlawful.

THIRTY-SEVENTH: These supervisory police officers failed to take preventative and remedial measures to guard against the injuries sustained by the plaintiff. Had

appropriate action and corrective measures been taken, the plaintiff would not have been injured and would have received the proper medical attention.

THIRTY-EIGHTH:   The supervisory police officers engaged in misconduct, in that they failed to supervise and discipline the junior police officers.  This constituted negligence, deliberate indifference, or intentional misconduct, which directly caused the deprivations suffered by the plaintiff.

## AS AND FOR A FOURTH CLAIM

### 42 U.S.C. SECTION 1983
### SUPERVISORY LIABILITY

THIRTY-NINTH:   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "38" of this Complaint, with the same force and effect as if fully set forth herein.

FORTY:   The defendants, THE CITY OF NEW YORK and THE U.S. BUREAU OF PRISONS have been grossly negligent and negligent in supervising, training and monitoring the misconduct of the correctional officers in charge of the plaintiff.

FORTY-FIRST:   By reason of the foregoing, the plaintiff has suffered personal injuries, ongoing mental anguish and damages in an amount to be determined at trial.

## AS AND FOR A FIFTH CLAIM
### PENDENT CLAIM OF NEGLIGENT HIRING AND RETENTION

FORTY-SECOND: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "41" of this Complaint, with the same force and effect as if fully set forth herein.

FORTY-THIRD: Defendants were negligent in the hiring and retention of correctional officers (both supervisory and junior officers). The aforementioned actions of the defendants constituted negligent hiring and retention.

FORTY-FOURTH: By reason of the foregoing, the plaintiff was caused to sustain personal injuries and deprived the appropriate care for his medical conditions. The plaintiff has been caused to suffer from ongoing mental anguish in an amount to be determined at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendants:

a) For the First through Fifth Claims in the total amount of $5,000,000.00;

b) For punitive damages

c) For reasonable attorneys' fees and costs; and

d) For such other and further relief as this court deems just, equitable and proper.

Dated: New York, New York
August 19 , 2011

**ISMAEL GONZALEZ & ASSOCIATES, LLC**
Attorney for Plaintiff
152 West 36th Street, Suite 202
New York, NY 10018
(212) 465-1500

ISMAEL GONZALEZ (IG.9920)

## ATTORNEY VERIFICATION

ISMAEL GONZALEZ, an attorney duly licensed to practice law in the State of New York affirms the following:

I am the attorney for the plaintiff, CARLOS ECHEVERY MOLINA, and as such am fully familiar with the facts of the case based on a review of my legal file.

I affirm that the information contained in the Summons and Complaint are true to the best of my knowledge. Any information based on information and belief is believed to be true.

The reason I am making this affirmation and not the plaintiff is that the plaintiff resides in a county other than were I maintain my office.

Ismael Gonzalez, Esq.
IG.9920